# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4263 | **DATE** | 10/7/2003 |
| **CASE TITLE** | Robert Earle Walker, et al vs. Gateway Financial Corp. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on_____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Both Deutsche Trust and Homecomings are dismissed as defendants, while Chase Bank's motion to be dismissed is denied as to a potential rescission remedy but granted in all other respects. (15-1) Finally, because no request for any Rule 54(b) determination has been tendered by the parties, this opinion has been deliberately silent on that subject.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 0 8 2003 date docketed | |
| | Docketing to mail notices. | | | 19 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| | | 03 OCT -7 PH 2:54 | 10/7/2003 date mailed notice | |
| SN | courtroom deputy's initials | FILED | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT EARLE WALKER, et al.,         )
                                     )
               Plaintiffs,           )
                                     )
     v.                              )     No.   03 C 4263
                                     )
GATEWAY FINANCIAL CORPORATION,       )
et al.,                              )
                                     )
               Defendants.           )

DOCKETED

OCT 0 8 2003

MEMORANDUM OPINION AND ORDER

In this multiplaintiff multidefendant case, Robert Earle

Walker and his wife Ella (collectively "Walkers") and Helen

Charles ("Charles") join with a group of other plaintiffs in

claiming relief under the Truth in Lending Act ("TILA")[1] and the

Illinois Consumer Fraud Act ("Illinois Act") because of

assertedly illegal lending practices in connection with

residential mortgages that they obtained from Gateway Financial

Corporation ("Gateway"). Not content with having Gateway within

the crosshairs of the Amended Complaint ("AC"), plaintiffs'

counsel--a law firm that files an extraordinarily high volume of

such actions--have targeted three other defendants:

     1.  Homecomings Financial Network, Inc.

("Homecomings"), which services loans on behalf of the

holders of mortgage paper (collecting the mortgagors'

_____

     [1] Citations to TILA provisions will take the form
"Section --," omitting reference to Title 15 (where TILA is
lodged in the United States Code).

19

payments and carrying out related functions, including any necessary credit reporting);

   2.   Deutsche Trust Company as trustee ("Deutsche Trust"), the assignee and current holder of Walkers' mortgage; and

   3.   J.P. Morgan Chase Bank as trustee ("Chase Bank"), the assignee and current holder of Charles' mortgage.

Those three added defendants (terming themselves "Non-Originator Defendants," as this opinion will do) have moved for their dismissal with prejudice.  For the reasons stated in this memorandum opinion and order, the motion is granted as to Deutsche Trust and Homecomings and is granted in part and denied in part as to Chase Bank.

## Facts[1]

When Walkers obtained a $98,100 mortgage loan from Gateway in December 2001, three items referred to in the closing documents violated TILA's disclosure requirements regarding "finance charges":

   1.   Gateway obtained title insurance from an assertedly related company at a price of $795, $292.28 greater than the $502.72 allegedly quoted by Chicago Title for the same

---

   [1]  Despite the caption of this section of the opinion, it neither makes nor implies any factual findings.  Instead, as is appropriate in dealing with a motion of the type now advanced, the AC's allegations are treated as true for present purposes.

coverage. That excess over what is treated for present purposes as the "bona fide and reasonable amount" chargeable for title insurance is treated as an undisclosed finance charge for TILA purposes.

2. Although the party handling the recording of the mortgage charged $59.50 for that item, the Registrar of Deeds' recording fee was $53.50--an undisclosed $6 in finance charges.

3. In the same way, the charge that was made for recording the satisfaction of the prior mortgage was $26.50 against the Registrar of Deeds' recording fee of $25.50--another $1 in undisclosed finance charges.

So the total of additional costs that were not expressly set out in the closing papers, and hence constituted undisclosed finance charges for TILA purposes, came to $299.28.

As to the Charles loan of $35,000, only one impropriety is asserted--the same kind of claimed excessive charge for title insurance. This time $785 was charged for that coverage, while the same coverage would have been available from Chicago Title for $407--hence the undisclosed finance charge for TILA purposes was $358.

### Walkers' Loan

Although counsel for Non-Originator Defendants assert several other grounds for dismissal of the TILA-based claim

3

against Deutsche Trust, only one needs to be discussed here
(though no inferences as to the soundness or unsoundness of the
other grounds should be drawn in either direction).  In TILA the
same Congress whose concern for consumer victims of disapproved
lending practices led to the enactment of that protectionist
legislation recognized, at the same time, that statutory-
violative conduct that did not involve significant dollars in
relation to the total transaction--a kind of legislative de-
minimis-non-curat-lex determination--might justify other relief,
but not rescission.  That simply reflected the common sense
notion that to permit transactions to be cancelled for such
relatively minor infractions--infractions though they might
be--would violate the Lord High Executioner's "object all
sublime...--to make the punishment fit the crime."[2]

Here is the relevant portion of Section 1605(f):

> In connection with credit transactions not under an
> open end credit plan that are secured by real property
> or a dwelling, the disclosure of the finance charge and
> other disclosures affected by any finance charge--

> \*          \*          \*

> (2)    shall be treated as being accurate for
> purposes of section 1635 of this title [TILA's
> rescission provision] if--

> (A)    except as provided in subparagraph (B)
> [inapplicable here], the amount disclosed as
> the finance charge does not vary from the

---

[2]    William Schwenk Gilbert and Arthur Sullivan, The Mikado
act II.

> actual finance charge by more than an amount
> equal to one-half of one percent of the total
> amount of credit extended....

And Regulation Z (12 C.F.R. §226.23(g)) echoes that:

> Tolerances for accuracy. - (1) One-half of 1 percent
> tolerance. Except as provided in paragraphs (g)(2) and
> (h)(2) of this section [inapplicable here], the finance
> charge and other disclosures affected by the finance
> charge (such as the amount financed and the annual
> percentage rate) shall be considered accurate for
> purposes of this section if the disclosed finance
> charge:
>
> > (i) is understated by no more than ½ of 1
> > percent of the face amount of the note or $100,
> > whichever is greater....

As already stated, in this instance the total undisclosed
finance charges (accepting the AC's allegations) came to $299.28,
while 1/2% of Walkers' $98,100 loan is $490.50. Q.E.D.: No
rescission of Walkers' loan is in order.

Plaintiffs' counsel try to extricate themselves from the
vise of that extraordinarily clear conclusion by seeking to
obscure the path of logic with a good deal of verbal underbrush
(their Mem. 5-11). But not much of an analytical machete is
needed to hack through that underbrush to recognize that this is
precisely the kind of situation for which Congress enacted the
provision quoted above. Deutsche Trust is expressly entitled to
dismissal from the TILA claim.

As for the Illinois Act, it simply does not tar Deutsche
Trust with the same brush as Gateway, the alleged perpetrator of
"unfair and deceptive acts or practices" (815 ILCS 505/2).

5

Plaintiffs' counsel admits that Deutsche Trust cannot be held for damages under the Illinois Act, but they urge that rescission is an available remedy under the state statute--hence the asserted propriety of holding Deutsche Trust hostage here.

That however ignores the basic nature of rescission as an equitable remedy. In this instance the minimal nature of the violation in relation to the entire transaction itself--the very factor that led to the congressional determination already discussed--negates the intervention of a court of equity to undo the entire transaction, as contrasted with providing Walkers with any remedies that may be available at law (remedies that Walkers' counsel acknowledge do not implicate Deutsche Trust). No justification exists for embroiling the assignee of Walkers' mortgage in this litigation.

In sum, this action--one that plaintiffs' counsel emphasize is limited to seeking rescission--cannot retain Deutsche Trust as a defendant. Its motion to dismiss is granted with prejudice.

### Charles' Loan

Non-Originating Defendants' counsel do not even discuss the Charles loan in their motion or in the Background section of their supporting memorandum. Because of the much lower principal amount of that loan, it does not qualify for the de minimis exception marked out by TILA and Regulation Z. That being so, Section 1641(c) comes into play:

> Any consumer who has the right to rescind a transaction
> under section 1635 of this title may rescind the
> transaction as against any assignee of the obligation.

To the extent that the Illinois Act may also support a rescission

of the Charles Loan (a matter as to which this Court expresses no

view), the same principle would apply. Hence Chase Bank must

remain in the case for that limited purpose.

Even though plaintiffs' counsel disclaim any effort also to

stick Non-Originating Defendants with damages as such (hardly a

generous concession, because Section 1641(a) specifically limits

assignee liability to situations in which "the violation for

which such action or proceeding is brought is apparent on the

face of the disclosure statement"--certainly not the case either

as to the asserted overcharges for title insurance or as to

excessive recording charges), plaintiffs' counsel urges that

Chase Bank is subject to statutory damages for a failure to

rescind. On that score this Court does not share the view of its

respected colleague Honorable Matthew Kennelly as expressed in

Fairbanks Capital Corp. v. Jenkins, 225 F.Supp.2d 910, 916-17

(N.D. Ill. 2002), an opinion that "finds itself in respectful

disagreement with Brodo" (id. at 916).

Like the court in Brodo v. Bankers Trust Co., 847 F.Supp.

353, 359 (E.D. Pa. 1994), this Court instead finds that the

imposition of any such damages on an assignee would create an

impermissible end run around the obvious congressional purpose

that underlies the Section 1641(a) enactment of a statutory equivalent to a bona fide purchaser rule. Accordingly, although Chase Bank must remain a defendant, the sole remedy available against it will be for rescission of the Charles loan if that claim is ultimately sustained.

## Homecomings

All that is asserted against Homecomings in the AC is that it services the mortgage loans. According to plaintiffs' counsel, that justifies its inclusion as a defendant under Fed. R. Civ. P. ("Rule") 19(a). But although some of this Court's colleagues have found that to be an appropriate basis for retaining Homecomings as a defendant, this Court finds it an undue stretch to say that Homecomings "claims an interest relating to the subject of a litigation" (the language of Rule 19(a)) such as to support its having to employ counsel and incur expenses here.

When the matter is looked at realistically, if any loan is indeed rescinded Homecomings will automatically cease to have any collection or other function in connection with that loan. Any concern that it may thereafter engage in improper reporting to credit agencies is totally speculative (really not a current case or controversy) and does not warrant its retention as a defendant. Homecomings claims no independent stake in the

matter, and its presence in the litigation is really unnecessary.[3]  It too is dismissed as a defendant.

## Conclusion

As stated earlier, both Deutsche Trust and Homecomings are dismissed as defendants, while Chase Bank's motion to be dismissed is denied as to a potential rescission remedy but granted in all other respects.  Indeed, the analysis here reflects that some (but not all) of the contentions advanced by plaintiffs' counsel that have been rejected here really should not have been advanced by counsel who are as knowledgeable and experienced in the area of TILA and other consumer legislation as they.  Finally, because no request for any Rule 54(b) determination has been tendered by the parties, this opinion has been deliberately silent on that subject.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 7, 2003

_____

[3]  Given the predilections exhibited by plaintiffs' counsel, it would be no surprise, if any claim for rescission of a loan were upheld, to find Homecomings also targeted with a claim for attorneys' fees and other remedies sought to be asserted against assignees such as Chase Bank.